TUCSON LAND AND LIVE STOCK COMPANY v. J. N. EVERETT.

Decided January 23, 1904.

**1.—Trespass—Justification—Lease.**

In an action for wrongfully herding horses on plaintiff's land it was no justification that defendant had consent so to do from one who had leased the land from plaintiff but whose lease had not then gone into effect.

**2.—Charge—Preponderance of Evidence.**

It is not necessary for the charge to define the term "preponderance of evidence." Following Railway v. Reagan, 34 S. W. Rep., 796.

Appeal from the County Court of Nolan. Tried below before Hon. W. L. Grogan, Special Judge.

*Beall & Beall,* for appellant.

*J. F. Eidson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—If appellee wrongfully herded his horses on the land of appellant, as alleged and as the evidence tended to prove, the consent of one Linthicum, whose lease from appellant had not at the time of such herding gone into effect, was no justification, and the court erred, as assigned, in submitting this issue to the jury. What passed between appellee and Linthicum could only have been relevant to the issue of vindictive damages.

The charge quoted in the second assignment was objectionable for the reason given in the proposition under that assignment.

The charge complained of in the third assignment, which undertook to define "preponderance of evidence," if not in itself erroneous, was superfluous, and should be omitted on the next trial. Railway v. Reagan, 34 S. W. Rep., 796.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*